GRANT R. CLAYTON (Utah State Bar No. 4552)
BRETT J. DAVIS (Utah State Bar No. 7840)
CLAYTON, HOWARTH & CANNON, P.C.
P.O. Box 1909
Sandy, Utah 84091-1909
Telephone: (801) 255-5335
Facsimile: (801) 255-5338

Attorneys for Plaintiffs Sunshade Enclosures, LLC, David G. Weaver and Equinox Manufacturing, LLC

---

## IN THE THIRD DISTRICT COURT, SALT LAKE COUNTY
## STATE OF UTAH

---

| | | |
|---|---|---|
| SUNSHADE ENCLOSURES, LLC, DAVID G. WEAVER and EQUINOX MANUFACTURING, LLC, | ) ) ) ) | SCHEDULING ORDER AND ORDER VACATING HEARING |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil No. 2:07-cv-135 |
| VERGOLA (USA), Inc., a California corporation, | ) ) ) | Judge Clark Waddoups |
| Defendant. | ) ) | |

---

Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel (docket #29). The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

IT IS ORDERED that the Initial Pretrial Hearing set for February 4, 2009, at 10:30 A.M. is VACATED.

| 1. PRELIMINARY MATTERS | DATE |
|---|---|
| Nature of claim(s) and any affirmative defenses: | |
| a. Was Rule 26(f)(1) Conference held? | *01/02/09* |
| b. Has Attorney Planning Meeting Form been submitted? | *01/07/09* |

    c.        26(a)(1) initial disclosure will be completed            *01/30/09*

**2.**     **DISCOVERY LIMITATIONS**           **NUMBER**

    a.        Maximum Number of Depositions by Plaintiff(s)      *10*

    b.        Maximum Number of Depositions by Defendant(s)    *10*

    c.        Maximum Number of Hours for Each Deposition     *7*
                       (unless extended by agreement of parties)

    d.        Maximum Interrogatories by any Party to any Party    *40*

    e.        Maximum requests for admissions by any Party to any Party    *Unlimited*

    f.        Maximum requests for production by any Party to any Party    *Unlimited*

                                                                  **DATE**

**3.**     **AMENDMENT OF PLEADINGS/ADDING PARTIES[2]**

    a.        Last Day to File Motion to Amend Pleadings      *06/15/09*

    b.        Last Day to File  Motion to Add Parties        *06/15/09*

**4.**     **RULE 26(a)(2) REPORTS FROM EXPERTS[3]**

    a.        Plaintiff                                       *11/16/09*

    b.        Defendant                                 *12/15/09*

    c.        Counter reports                       *01/15/10*

**5.**     **OTHER DEADLINES**

    a.        Discovery to be completed by:

              Fact discovery                          *10/15/09*

              Expert discovery                     *02/15/10*

    b.        *(optional)* Final date for supplementation of disclosures and
            discovery under Rule 26 (e)                  *00/00/00*

    c.         Deadline for filing dispositive or potentially dispositive
            motions                                    *03/30/10*

**6.      SETTLEMENT/ ALTERNATIVE DISPUTE RESOLUTION**

a.      Referral to Court-Annexed Mediation               _No_

b.      Referral to Court-Annexed Arbitration             _No_

c.      Evaluate case for Settlement/ADR on                                   _06/15/10_

d.      Settlement probability:                                                          fair

**7.      TRIAL AND PREPARATION FOR TRIAL:**

a.      Rule 26(a)(3) Pretrial Disclosures[4]

Plaintiff                                                                       **07/02/10**

Defendant

**07/16/10**

b.      Objections to Rule 26(a)(3) Disclosures
(if different than 14 days provided in Rule)

**DATE**

c.      Special Attorney Conference[5] on or before          **07/30/10**

d.      Settlement Conference[6] on or before                    07/30/10

e.      Final Pretrial Conference                 2:30 p.m.     08/16/10

| f. | Trial | Length | Time | Date |
|---|---|---|---|---|
| | i.  Bench Trial | _# days_ | _____ | _____ |
| | ii. Jury Trial | _8 days_ | _8:30 a.m._ | _08/30/10_ |

8.      OTHER MATTERS:

> Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions.  All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial.  Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

Dated this 8th day of January, 2009.


BY THE COURT:


David Nuffer
U.S. Magistrate Judge

1.      The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5).  The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately referred to that Magistrate Judge.  A separate order may refer this case to a Magistrate Judge under DUCivR 72-2 (b) and 28 USC 636 (b)(1)(A) or DUCivR 72-2 (c) and 28 USC 636 (b)(1)(B).  The name of any Magistrate Judge to whom the matter is referred under DUCivR 72-2 (b) or (c) should appear on the caption as required under DUCivR10-1(a).

2.      Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

3.      A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party.  This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

4.      Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

5.      The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

6.       The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.